**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TERRY PROCTOR                                                                                                    PLAINTIFF
ADC #87410

V.                                          NO: 5:09CV00084 SWW/HDY

JOHN SPEARS *et al.*                                                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

  The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

  If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

  1.  Why the record made before the Magistrate Judge is inadequate.
  2.  Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on March 12, 2009, an addendum on April 3, 2009 (docket entry #3), and an amended complaint on April 20, 2009 (docket entry #7). On June 22, 2009, Defendants filed a motion to dismiss the case as frivolous, along with a brief in support (docket entries #20-#21). Plaintiff filed a response on July 10, 2009 (docket entry #26).

## I.  Standard of Review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-55 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974.

Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

Plaintiff originally filed this complaint regarding three separate disciplinary episodes. On June 8, 2009, all of Plaintiff's claims except those arising from a disciplinary event on July 11, 2008, were dismissed (docket entry #13). Thus, Plaintiff was allowed to proceed only on his claims against Defendants John Spears, Michael Bieber, Minnie L. Drayer, and David White regarding the disciplinary event of July 11, 2008.

According to Plaintiff's complaint, Bieber and a CO-I Cartwright entered his cell on July 11, 2008, and told him that Spears had ordered a shakedown of his cell. In "plain view," Bieber saw a radio with a homemade battery charger on it, which he confiscated and destroyed. Plaintiff asserts that he was issued a confiscation ("AR 401") form, but no disciplinary charge. Plaintiff attached the 401 form as exhibit I to his complaint.[1] A short time later, Bieber returned to Plaintiff's cell, and

---

[1] Pursuant to Fed.R.Civ.P. 10(c) a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. Thus, the undersigned has considered Plaintiff's exhibits in construing the sufficiency of the complaint.

said that Spears wanted Plaintiff "locked up." Although Plaintiff asked to speak to Spears, he alleges that he was told Spears did not want to talk to him, because he was getting into his friend's business. According to Plaintiff, this was a reference to Plaintiff's investigation of the beating of another prisoner.[2] Apparently at the time he was taken to lock up, Plaintiff was written a disciplinary charge by Bieber, allegedly on the order of Spears. Plaintiff contends that the report was falsified in that it charged that he failed to obey orders, and identified a "cell phone charger" as the contraband, rather than a homemade battery charger. Plaintiff attached the disciplinary charge as exhibit II to his complaint. On July 17, 2008, Drayer, a hearing officer, found Plaintiff guilty of the charges alleged in the report, and Plaintiff's appeals of his conviction were fruitless.

Plaintiff argues that the falsified disciplinary charge was itself a due process violation and malicious prosecution, and that Drayer denied him due process and maliciously prosecuted him by relying on falsified documents to find him guilty. Plaintiff further alleges that Defendants violated their own policy with the falsified disciplinary charge. Plaintiff also suggests that the disciplinary episode was a conspiracy among the Defendants to retaliate against him for the exercise of his constitutional rights.

Defendants assert that Plaintiff's complaint should be dismissed because he has no claim for malicious prosecution; that some evidence supports his conviction and therefor he has no cognizable first amendment retaliation claim; that a conviction on a false disciplinary charge is not actionable; that he had no liberty interest in his housing or classification, but in any event received due process in conjunction with the disciplinary conviction; that he suffered no physical injury, and thus is not

---

[2]The friends to which Spears allegedly referred were a Capt. Baker and Lt. Kenneth Frazier, who are not parties to this action.

entitled to an award for emotional damages; and that his complaint fails to state a claim for conspiracy because the complaint fails to state a claim for any constitutional violation. Defendants also assert sovereign and qualified immunity. Because Plaintiff's complaint, including the attachments he has provided, fails to state a claim upon which relief may be granted, Defendants' motion should be granted.

Plaintiff contends that the disciplinary charge was false, apparently because he claims he did not disobey orders; because the 401 form indicated that no disciplinary was written; and because he had a battery charger, while the disciplinary reports a "cell phone charger." According to the actual disciplinary form, Plaintiff was charged with possession of unauthorized property, and failure to obey an order. It appears that Plaintiff does not contest that he actually had an unauthorized item, but only that it was not a cell phone charger. Plaintiff does challenge the charge that he failed to obey orders. However, even if the disciplinary was entirely false, such facts alone do not establish a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)). Plaintiff's complaint could be construed to assert that he was retaliated against because of his grievances or litigation activities, which might be actionable. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (otherwise proper acts are actionable under § 1983 if done in retaliation for grievances filed under established prison grievance procedure). However, Plaintiff had a hearing on the issue, and was found guilty by Drayer. The Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Orebaugh v. Caspari*, 910 F.2d at 528. More recently, the Court has reiterated that "if the discipline which the prisoner claims to have been retaliatory was in

fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). Thus, Plaintiff's conviction on the disciplinary charge precludes any retaliation claim made in connection with the charge. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995).

Plaintiff asserts that his due process rights were violated in the hearing, because Drayer relied on falsified reports to find him guilty. However, federal courts do not sit in appellate review of a prison disciplinary court's findings, but only decide whether an inmate's due process rights were violated. *Goff v. Dailey*, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993). Although Plaintiff claims his due process rights were violated, the United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials." Accordingly, the only inquiry to be made by this Court is to determine whether some evidence supports Drayer's findings. In this case, Drayer's decision, attached to Plaintiff's complaint as exhibit III, indicates that she relied on a staff report, the 401 form, and a photo to reach her conclusion. Although Plaintiff contends the photo was never shown to him, he has attached a disciplinary form and 401 form to his complaint, thus demonstrating that

some evidence supported Drayer's findings. *See Henderson v. Baird*, 29 F.3d at 469 (prisoner's claim of retaliatory discipline failed because disciplinary committee's finding that he violated prison rules was based on guard's description of event, which constituted "some evidence" of actual violation). Plaintiff's statement to the hearing officer also demonstrates the he had an opportunity to be heard at the hearing, and in fact did not dispute that he had a battery charger. Thus, because some evidence supports Drayer's findings, there was no due process violation, and any claim that the disciplinary charge was retaliatory is foreclosed.

Although Plaintiff charges Drayer with malicious prosecution, Drayer was not "prosecuting" Plaintiff at all, but was rather a hearing adjudicator. To the extent that Plaintiff is accusing Drayer of bias, there is no allegation that Drayer was involved in the inmate's beating, that she was the target of Plaintiff's investigation, or was otherwise involved in the events alleged to be at the root of the other Defendants' actions. *See McMaster v. Pung*, 984 F.2d 948, 952 (8th Cir. 1993)(no factual basis for inmate's claim of bias; no hearing officer involved in underlying event). Furthermore, any prison policy violation in the manner in which the disciplinary charge was written is not a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Although Plaintiff was sentenced to 30 days of punitive time, Plaintiff advances no facts to indicate that the 30 days of punitive time was itself a constitutional violation. Without a constitutional violation regarding the disciplinary charge, the hearing, or sentence, there can be no conspiracy to violate Plaintiff's constitutional rights. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999) (elements of a conspiracy claim). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (docket entry #20) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   22   day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE